IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| § | CRIMINAL NO. 4:18-CR-195-SDJ-KPJ |
| v. § § | |
| GREGORY DOUGLAS BENSON § § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to the Court for a report and recommendation, it conducted a hearing on January 29, 2024, to determine whether Defendant violated the terms of his supervised release. Defendant was represented by Assistant Public Defender Michelle Allen-McCoy. The Government was represented by Assistant United States Attorney Sean Taylor.

On December 10, 2019, United States District Judge Sean D. Jordan sentenced Defendant to twenty-one (21) months imprisonment followed by three (3) years of supervised release. *See* Dkt. 41 at 1–3. On August 22, 2022, Defendant began serving his term of supervised release. *See* Dkt. 47 at 1.

On November 9, 2022, the Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (Dkt. 43), alleging Defendant violated seven conditions of his supervised release. *See* Dkt. 43 at 1–3. On February 6, 2023, the Probation Officer filed the First Amended Petition for Warrant or Summons for Offender Under Supervision (the "Amended Petition") (Dkt. 47), alleging Defendant violated ten conditions of his supervised release. Dkt. 47 at 1–3. The Amended Petition asserts Defendant violated the following conditions of supervision:

(1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon; (4) Defendant shall refrain from any unlawful use of a controlled substance; (5) Defendant shall report to the Probation Officer as instructed; (6) Defendant shall answer truthfully the questions asked by the Probation Officer; (7)–(8) Defendant shall live a place approved by the Probation Officer and shall notify the Probation Officer in advance before changing his living arrangements; (9) Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision; and (10) Defendant shall acquire a high school equivalency certificate. *See id.*

> The Amended Petition asserts Defendant violated the foregoing conditions as follows:
>
> (1) On January 15, 2023, Defendant was arrested by the Grand Prairie Police Department for committing the offenses of Failure to Identify Fugitive, Possession of Marijuana, and Unlawful Possession of Firearm by Felon.
>
> (2)–(3) Per the offense report, Defendant intentionally provided police officers the fictitious name of Sammy Shepherd, as he was aware he had outstanding warrants in Collin County, Texas, for offenses which occurred prior to the commencement of the term of supervised release. Upon being searched, Defendant advised police officers he was in possession of a firearm; a Glock 26, Serial No. AGPR672, was located on his left leg near his ankle. A search of Defendant's backpack revealed a green leafy substance that was later determined to be marijuana. As of this writing, Defendant remains in custody at the Dallas County Jail; a bond of $63,500 for the aforementioned offenses has been assessed.
>
> (4) On September 8, 2022, Defendant submitted a urine sample at the Probation Office, which tested positive for marijuana. The specimen was sent to Abbott National Laboratory and confirmed as positive for marijuana.
>
> (5) On November 7, 2022, the Probation Officer went to Defendant's last submitted address of 9944 Walnut Lane, Apartment 1114, Dallas, Texas, 75243. As no one responded, the Probation Officer left an envelope at the residence instructing Defendant to report to the Probation Office on November 8, 2022, at 12:00 p.m. Defendant failed to report as instructed.
>
> (6)–(7) Since commencing supervised release on August 22, 2022, until November 4, 2022, Defendant reported residing at Oak Park Apartments, 5222

South Hampton Road, Apartment 14, Dallas, Texas 75232. On November 1, 2022, the Probation Officer was provided information affirming that Defendant has not been a household resident since commencing supervision; thus, Defendant failed to provide truthful information to the Probation Officer and did not reside at an address approved by the same.

(8) On November 4, 2022, Defendant reported that he was living at 9944 Walnut Lane, Apartment 1114, Dallas, Texas, 75243. As the approved renter of that residence, Ms. Alexandra Crook accompanied Defendant during his arrest on the federal offense of record and was subsequently arrested on outstanding city warrants. This proposed residential address was not approved by the Probation Officer.

(9) On November 1, 2022, the Probation Officer called and left a text message at Defendant's number instructing him to contact the Probation Officer that day. Defendant failed to follow instructions from the Probation Officer.

(10) On October 20, 2022, Defendant informed the Probation Officer that he ceased attending Richland Community College, where he was pursuing a General Education Certificate.

On January 29, 2024, the Court conducted a final revocation hearing on the Amended Petition. *See* Minute Entry for January 29, 2024. Defendant entered a plea of true to allegations one through ten, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt. 60. The Court finds Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the January 29, 2024, hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for eight (8) months, to be served consecutively to any other term of imprisonment, with two (2) years of supervised release to follow. The Court further recommends that Defendant be placed under the same conditions as those under which he was originally released, as well as the following special condition: Defendant

shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence immediately upon release from confinement and must observe the rules and regulations of that center; should Defendant obtain a residence approved by the Probation Officer during the 180-day placement, Defendant shall be released. The Court further recommends Defendant be placed at FCI Seagoville in Seagoville, Texas, if appropriate.

**So ORDERED and SIGNED this 30th day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE